EMPLOYERS INSURANCE OF WAUSAU, a Wisconsin mutual company, Plaintiff—Appellee,

v.

ST. CLAIR CONTRACTORS, INC., an Idaho corporation; et al., Defendants—Appellees,

City Of McCall, an Idaho municipal corporation, Defendant—Appellant,

Interwest Supply, Inc., an Idaho corporation; et al., Defendants—Appellees,

v.

Old Castle Precast, Inc., doing business as Amcor Precast, Third–party–defendant—Appellee.

No. 05–35432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 28, 2007.

See also 2006 WL 2989109.

Ron T. Blewett, Esq., Attorney at Law, Lewiston, ID, for Plaintiff-Appellee.

Geoffrey J. McConnell, Esq., Meulman & Miller LLP, Kenneth D. Nyman, Esq., Anderson, Julian & Hull LLP, Boise, ID, for Defendants-Appellees.

Christopher Yorgason, Moore, Smith, Buxton and Turcke, Chartered Attorneys at Law, Kim J. Trout, Esq., David T. Krueck, Esq., Trout & Nemec, PLLC, Boise, ID, for Defendant-Appellant.

David E. Kerrick, Esq., David Kerrick & Associates, Boise, ID, for Third-Party-defendant-Appellee.

Before: THOMPSON, KLEINFELD, and BYBEE, Circuit Judges.

### MEMORANDUM *

The City of McCall appeals a jury's verdict that it breached a contract with a construction company and the corresponding damages award, as well as the attorney's fees awarded by the district court. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*1. Jury Instructions.*

■ There was no error in Instruction 3 or 3A. Idaho recognizes the theory of substantial performance.[1] The district court adequately distinguished this term and the term substantial completion in the contract. St. Clair did not need to substantially complete by the date set in the contract in order to claim substantial performance because the contract provided for the possibility of extensions.

■ There was no error in Instruction 22. Idaho law approves the giving of a futility instruction.[2] Given the evidence of the City's decision that it would not allow any further requests for time extensions, it was appropriate to instruct the jury on futility where St. Clair was in part arguing that it was futile to ask for any further extensions.

■ At trial, the City did not object to Instruction 7A based on its lack of guidance as to how to calculate damages. And Instruction 7A, which is patterned on the model Idaho instructions,[3] is not plainly erroneous;[4] it provides sufficient guidance to find damages consistent with Idaho law.[5]

■ Even if one of these instructions were erroneous, the error would be harmless. Which party breached, and how much damage it caused, was fairly put before the jury and the instruction as a whole fairly informed the jury how to decide the matter.[6]

*2. Damages.*

■ The evidence was sufficient to justify the jury's award. The testimony of Randall St. Clair, together with the documentary evidence of the company's financial position before, during, and after the events at issue, showed a close enough connection between the City's termination of the contract, St. Clair's loss of bonding ability, and the economic losses subsequently suffered to justify the jury in finding that St. Clair's losses were proximately caused by the City's breach. The same evidence also justified the jury in finding the business devastation damages proved with reasonable certainty. This is all Idaho law requires.[7]

*3. Attorney's Fees.*

■ The court found that the hours expended, and the hourly rate charged, by the prevailing parties' attorneys were reasonable. This finding was sufficient to justify the lodestar award.[8] And the

---

1. *See* Idaho Jury Instruction 609 (2002); Proposed Idaho Jury Instruction 6.13 (2003); *see also Tentinger v. McPheters*, 132 Idaho 620, 977 P.2d 234, 236 (Idaho Ct.App.1999).

2. *See Sullivan v. Bullock*, 124 Idaho 738, 864 P.2d 184, 192 & n. 3 (Idaho Ct.App.1993).

3. *See* Idaho Jury Instructions 902, 916; Proposed Idaho Jury Instruction 9.01, 9.03 (2003).

4. *See* Fed.R.Civ.P. 51(d).

5. *See infra* at 4–5.

6. *Cf. Sullivan v. Bullock*, 124 Idaho 738, 864 P.2d 184, 192 (Idaho Ct.App.1993) ("When reviewing jury instructions, the appellate court must determine whether the jury was properly and adequately instructed. In making that determination, we ascertain whether the instructions, when considered as a whole, fairly and adequately present the issues and state the applicable law.... Reversible error only occurs when an instruction misleads the jury or prejudices a party.") (citations omitted).

7. *See, e.g., Magic Valley Truck Brokers, Inc. v. Meyer*, 133 Idaho 110, 982 P.2d 945, 951–952 (Idaho Ct.App.1999).

8. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992) ("[W]e do not require an elaborately reasoned, calculated, or worded order ... [and] a brief explanation

judge's decision to make the City principally liable for Wausau's attorney's fee (St. Clair only pays if the City cannot) was also reasonable given the roles of each party.

AFFIRMED.

---

... will do...." But "something more than a bald, unsupported amount is necessary.") (quotations omitted).

